COMMONWEALTH *v.* JOE STEGALA.

[Abstract Kentucky Law Reporter, Vol. 3—686.]

**Quashing Bail Bonds.**

Where one is indicted and arrested for keeping a disorderly house, and after arrest executed bail bonds and was discharged, it is error for the court to quash the bonds and release the defendant. The accidental omission of the word "Fulton" before the words "circuit court" does not invalidate such bonds.

APPEAL FROM FULTON CIRCUIT COURT.

March 4, 1882.

OPINION BY JUDGE LEWIS:

These four cases, being between the same parties and involving the same questions, are heard and determined together. Appellee, at the September term, 1880, of the Fulton Circuit Court, was indicted in each of the four cases, and, being in custody, gave a bail bond in each case for his appearance to answer the several indictments. The cases, having been called, were continued at the March term, 1881. At the September term, 1881, the court upon motion quashed the bail bonds in each of the cases, and from each order the commonwealth has appealed to this court.

We perceive no defect at all in three of the bonds. In one of the bonds there is an omission of the circuit court in which the defendant was required to appear and answer the indictment. But we do not think the accidental omission of the word "Fulton" invalidates the bond, because it was not indispensable. Appellee was indicted by the grand jury of Fulton county for the offense of keeping a disorderly house in Fulton county. A bench-warrant was issued from the office of the Fulton circuit court for his arrest to answer that indictment, and he was in pursuance thereof arrested by the sheriff of Fulton county, and was released from custody upon the execution of the bail bond by his surety for his appearance in the circuit court to answer the charge for which he was then in custody.

The bond, as written, required his appearance in the Fulton

Circuit Court as distinctly and peremptorily as if the word "Fulton" had not been omitted.

The judgment of the circuit court quashing the bail bond must therefore in each case be *reversed*.

*P. W. Hardin, for appellant.*

*William Lindsay, for appellee.*